UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ALLEN ANDERSON,

                Petitioner,                      **MEMORANDUM & ORDER**

             - against -                            03-CV-5192 (NGG)

WILLIAM PHILLIPS, Superintendent, Green
Haven Correctional Facility,

                Respondent.
-----------------------------------------------------------X

GARAUFIS, District Judge.

      Pro se Petitioner Allen Anderson brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction on the following grounds: (1) the trial court improperly permitted a detective to testify about drug packaging and various kinds of drug operations; (2) his sentence is excessive; (3) there was insufficient evidence admitted at trial to permit the jury to find that the Petitioner possessed or constructively possessed drugs or drug paraphernalia; (4) the Petitioner's attorney at trial was ineffective because he failed to request a <u>Darden</u> hearing to investigate the identity and reliability of the confidential informant upon whose tip the police obtained a key search warrant; and (5) the Petitioner's appellate attorney was ineffective for failing to claim that trial counsel was ineffective for failing to request a <u>Darden</u> hearing. As set forth below, the petition for a writ of habeas corpus is DENIED.

**I.     FACTUAL AND PROCEDURAL HISTORY**

      In the early morning hours of April 6, 2000, a team of New York City police officers executed a search warrant based on information provided by a confidential informant. The

1

warrant authorized the search of a private house located at 155-30 114th Street in Queens County for marijuana, cocaine, and narcotics paraphernalia. Inside the Petitioner's locked bedroom, in which the Petitioner was found sleeping, the police found a baby-food jar containing crack-cocaine, hundreds of small zip-lock bags, and two bags of marijuana.

The Petitioner proceeded to a jury trial before Judge Anthony I. Giacobbe. At the conclusion of the trial, the Petitioner was convicted of Criminal Possession of a Controlled Substance in the Third Degree, Criminal Possession of Controlled Substance in the Fifth Degree, and Criminal Use of Drug Paraphernalia in the Second Degree. On November 27, 2000, the Petitioner was sentenced to concurrent prison terms of from ten to twenty years on the third-degree possession charge, three to six years on the fifth-degree possession charge, and one year on the drug paraphernalia charge.

On December 4, 2000, the Petitioner filed a Notice of Appeal. On appeal, the Petitioner's counsel argued that: 1) the trial court violated the Petitioner's due process right to a fair trial by admitting the testimony of Detective Smith regarding his experiences with various types of undercover narcotic operations and his testimony regarding the packaging of narcotics; and 2) the Petitioner's sentence was excessive. By leave of court, the Petitioner filed a *pro se* supplemental brief in which he claimed that: 1) the evidence was legally insufficient to prove that he exercised dominion and control over the drugs and the drug paraphernalia recovered from the bedroom in which he was found sleeping; and 2) trial counsel's failure to request a Darden hearing constituted ineffective assistance of counsel.

On May 19, 2003, the Appellate Division, Second Department affirmed the Petitioner's conviction. See People v. Anderson, 759 N.Y.S.2d 375 (2d Dept. 2003). The Appellate Division

found that the Petitioner's contention that the evidence was legally insufficient to establish his possession of cocaine and drug paraphernalia was unpreserved for appellate review and that in any event, the evidence was legally sufficient to find the Petitioner guilty beyond a reasonable doubt. Id. The Appellate Division also found that the Petitioner was afforded effective assistance of counsel and that the Petitioner failed to demonstrate the absence of strategic explanation for trial counsel's failure to request a Darden hearing. Id. In addition, the court determined that the Petitioner's challenge to Detective Smith's testimony was unpreserved, and in any event, was without merit. Id. Finally, the court found that the Petitioner's sentence was not excessive. Id. The Petitioner's application for leave to appeal to the Court of Appeals was denied on July 22, 2003. People v. Anderson, 100 N.Y.2d 578 (2003).

The Petitioner timely filed his *pro se* petition for a writ of habeas corpus on October 7, 2003. The Petitioner claimed he was entitled to habeas corpus relief because: (1) the trial court permitted Detective Smith to testify about drug packaging and different types of drug operations that were irrelevant to his case; (2) his ten to twenty-year sentence was excessive; (3) the evidence presented at trial was legally insufficient to establish beyond a reasonable doubt that he either possessed or constructively possessed drugs or drug paraphernalia; and (4) trial counsel was ineffective for failing to request a Darden hearing.

On April 5, 2004, the Petitioner requested a stay of his petition to pursue his ineffective assistance of counsel claims in state court through a Section 440.10 motion and a writ of error coram nobis. This court granted the Petitioner's request for a stay on April 16, 2004.

On April 27, 2004, the Petitioner filed a petition for a writ of error coram nobis before the Appellate Division, Second Department, in which he asserted ineffective assistance of appellate

counsel. On November 1, 2004, the Appellate Division denied the Petitioner's writ. The Petitioner then sought leave to appeal, which was denied by the New York State Court of Appeals on January 27, 2005.

On May 21, 2004, the Petitioner filed a motion to vacate judgment pursuant to New York Criminal Procedure Law ("C.P.L.") Section 440.10 in which he argued he received ineffective assistance of trial counsel. On July 21, 2004, the Petitioner's Section 440.10 motion was denied on the grounds that the Petitioner was procedurally barred from raising issues that are based on facts on the record that should have been raised on appeal. The Petitioner sought leave to appeal, which was denied by the New York State Court of Appeals on March 25, 2005.

On April 12, 2005, the Petitioner filed his supplemental petition for a writ of habeas corpus. In his supplemental petition, the Petitioner asserts that he received ineffective assistance of appellate counsel.

## II.     STANDARD OF REVIEW

A federal court may issue a writ of habeas corpus only if the petitioner's custody is in "violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). See, e.g., Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam). Thus, a prisoner seeking a federal writ of habeas corpus must allege that his conviction or sentence in state court violates constitutional or other federal rights.

Under the exhaustion requirement of 28 U.S.C. § 2254(b)(1), a state prisoner petitioning for a federal writ of habeas corpus generally must have first presented his claim to the state's highest court. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Morgan v. Bennett, 204 F.3d 360, 369 (2d Cir. 2000). In New York, this means that a defendant, having first appealed to the

Appellate Division of the Supreme Court, must then seek leave to the Court of Appeals to review his conviction pursuant to C.P.L. § 460.20. Morgan, 204 F.3d at 369. But if the petitioner no longer has "remedies available" in state court under 28 U.S.C. § 2254(b), the claim should be considered exhausted. Bossett v. Walker, 41 F.3d 825, 828-29 (2d Cir. 1994) (collecting cases).

Habeas review is also circumscribed by procedural defaults. In addressing a habeas petition, a federal court must not "review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729 (1991). Further, this "doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." Id. Even in a case where the state court addresses the merits of the petitioner's federal claim in an "*alternative* holding," federal habeas review is not permitted if the state court "explicitly invokes a state procedural bar rule as a separate basis for decision." Harris v. Reed, 489 U.S. 255, 264 n. 10 (1989) (emphasis in original).

Exceptions exist to the independent and adequate state ground bar if the petitioner can make a showing of cause for the default and resulting prejudice, see Wainwright v. Sykes, 433 U.S. 72, 87 (1977), or can "demonstrat[e] a constitutional violation that resulted in a fundamental miscarriage of justice, *i.e.*, that he is actually innocent of the crime for which he has been convicted." Dunham v. Travis, 313 F.3d 724, 729 (2d Cir. 2002). "To be credible such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial. Because such evidence is obviously

5

unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup v. Delo, 513 U.S. 298, 324 (1995).

If the petitioner complies with these preliminary requirements, a federal court may address the merits of the constitutional claim. Under 28 U.S.C. § 2254(d), a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was "adjudicated on the merits" in state court only if it concludes that the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

In clarifying these provisions, the Second Circuit has explained that an "adjudication on the merits" means one "based on the substance of the claim advanced, rather than on a procedural, or other, ground." Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir. 2001). The Supreme Court has explained that the "contrary to" standard means that a district court "should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000). The Court went on to elaborate that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

### III. DISCUSSION

#### A. The Petitioner's Claims on Insufficiency of the Evidence and Improperly Admitted Testimony are Procedurally Barred from Review

The Petitioner claims, as in his brief to the Appellate Division, that: (1) the evidence presented at trial was insufficient to prove beyond a reasonable doubt that he was in possession of drugs and drug paraphernalia; and (2) the trial court erroneously permitted an expert witness to testify about the packaging of narcotics. Because the state appellate court explicitly applied a state procedural bar in denying these claims, federal habeas review is prohibited.

The Appellate Division determined that the Petitioner's sufficiency of evidence claim was unpreserved for appellate review pursuant to C.P.L. Section 470.05(2).[1] People v. Anderson, 759 N.Y.S.2d 375 (2d Dept. 2003). C.P.L. Section 470.05(2) requires a party to alert the court below to the issue sought to be raised on appeal. New York appellate courts have consistently held that Section 470.05(2) applies to claims of legal sufficiency. See, e.g., People v. Finger, 95 N.Y.2d 894, 895 (2000). The Appellate Division also found that the Petitioner's expert testimony claim was unpreserved for appellate review. People v. Anderson, 759 N.Y.S.2d 375 (2d Dept. 2003). New York's preservation rule has also been regularly applied to claims challenging the admission of expert testimony. See, e.g., People v. Ray, 708 N.Y.S.2d 295 (1st Dept. 2000). Because the Petitioner's claim concerning expert testimony about the drug trade and his claim concerning the sufficiency of the evidence was rejected by the Appellate Division on an independent and adequate state ground, these claims are barred from habeas review by this court.

---

[1] Notwithstanding this determination, the Appellate Division also found that these claims were without merit. This further determination does not affect the independent and adequate state ground bar precluding this court from examining the merits of these issues. See Harris, 489 U.S. at 264 n.10.

See Harris, 489 U.S. at 261-62. The Petitioner has not asserted, let alone demonstrated, that this court's failure to consider these claims would result in a fundamental miscarriage of justice due to the Petitioner's actual innocence, or that there was cause for the procedural default and that actual prejudice to the Petitioner resulted. Absent this demonstration, the Petitioner may not have his claims heard in this court. See Washington v. James, 996 F.2d 1442, 1447 (2d Cir. 1993).

> B. The Petitioner's Excessive Sentence Claim is Procedurally Defaulted and Without Merit

The Petitioner is a predicate felon who has had two prior drug-related felony convictions, a felony stolen property conviction, two youthful offender convictions, and several misdemeanor drug convictions. After the jury found the Petitioner guilty of third and fifth-degree criminal possession of a controlled substance and second-degree possession of drug paraphernalia, the Petitioner received an aggregate sentence of ten to twenty years. Although the Petitioner was exposed to a maximum sentence of twelve to twenty-five years, the Petitioner claims that his sentence is excessive because: (1) there is no evidence of his managerial role in a drug operation; (2) the Rockefeller drug laws were not meant to apply in his case; (3) his criminal history stems from drug addiction; (4) he has been consistently employed by the same company for seven years; (5) he has three young children; and (6) the Eighth Amendment does not mandate his sentence length for a drug abuser. Because the Petitioner did not raise his excessive sentence claim in federal constitutional terms, it is procedurally defaulted and not cognizable on habeas corpus review. In any event, the Petitioner's claim is without merit.

When the Petitioner raised his excessive sentence claim on direct appeal, he relied exclusively on state law. (Resp. Ex. A at 19-21.) A habeas petitioner must present his claims in federal constitutional terms to the highest court of the state before a federal court may consider the merits of the petition. See Pesina v. Johnson, 913 F.2d 53, 54 (2d Cir. 1990). The Petitioner has no other state remedies available to him; his state direct appeals are over, and because his claim of an excessive sentence has already been rejected on the merits by the Appellate Division he cannot obtain state collateral review of the issue. See 22 N.Y.C.R.R. §§ 600.9(b), 500.10(a); C.P.L. § 440.20(2). Because the Petitioner cannot pursue further state consideration of this claim, it is procedurally barred from review by this court. See Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991); Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001).

In any event, Anderson's excessive sentence claim is without merit. A state prisoner sentenced within the limits of state law does not present a federal constitutional issue for habeas review. White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992); Thompson v. Lord, 322 F.Supp.2d 300, 302 (E.D.N.Y. 2004) (same). However excessive the Petitioner's sentence may seem, because it is within the range provided by state law, the Petitioner is not entitled to habeas relief from this court.

   **C. The Petitioner's Claims of Ineffective Assistance of Both His Trial and Appellate Counsel Do Not Meet the Standard Set Forth in Strickland**

The Petitioner contends that he was denied the effective assistance of trial counsel because his attorney failed to request a Darden hearing to assess the reliability of the confidential informant who provided the probable cause for the search warrant. In his supplemental petition,

9

the Petitioner asserts that his appellate counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel because trial counsel did not request a Darden hearing.

Because the Petitioner's ineffective assistance of trial counsel claim was rejected by the Appellate Division on the merits, see Anderson, 759 N.Y.S.2d 375,[2] this court may only overturn the Appellate Division's decision if that decision is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In rejecting the Petitioner's ineffective assistance claim, the Appellate Division cited People v. Benevento, 91 N.Y.2d 708 (1998), in which the New York Court of Appeals observed that New York's standard for ineffective assistance claims was more favorable to criminal defendants than the standard in the principal U.S. Supreme Court case on the issue, Strickland v. Washington, 466 U.S. 668 (1984). See Benevento, 91 N.Y.2d at 713. Since the Appellate Division rejected the Petitioner's ineffective assistance claim under the New York constitutional standard that "is not diametrically different, opposite in character or nature, or mutually opposed to the standard articulated in Strickland, [this court's] review of the state court's decision is limited to determining whether the state court reasonably applied Strickland." Loliscio v. Goord, 263 F.3d 178, 182-93 (2d Cir. 2001).

In judging any claim of ineffectiveness under Strickland, a reviewing court must begin with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," taking a "highly deferential view of counsel's performance without the benefit of hindsight." Strickland v. Washington, 466 U.S. 668, 689 (1984). To prove that

---

[2] The Appellate Division specifically found that "the defendant failed to demonstrate 'the absence of strategic or other legitimate explanations' for trial counsel's failure to request a Darden hearing." Id.

counsel was constitutionally ineffective, a petitioner must satisfy the two-part test established in Strickland. A petitioner must first show that his counsel's representation fell below "an objective standard of reasonableness" under "prevailing professional norms." Id. at 688. To fall below this standard, counsel must have made "errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. at 687. The second prong requires a petitioner to show that he was prejudiced by counsel's conduct. To show prejudice, a petitioner must demonstrate that "there was a reasonable probability that, but for the counsel's unprofessional error, it is reasonably probable that the outcome would have been different." Id. at 694.

The Petitioner has not shown that trial counsel's performance was deficient. The entire trial record, viewed as a whole, reveals that trial counsel filed several appropriate motions, including a motion to controvert the search warrant, a motion to suppress the physical evidence and any statements by the petitioner, and a motion for a Sandoval hearing, for which the trial counsel obtained a favorable ruling. With regard to a Darden hearing, the Petitioner has not shown that a meritorious issue existed regarding the confidential informant's identity and reliability such that the trial judge would have found the confidential information unreliable and suppressed the drugs and drug paraphernalia recovered from his bedroom. See Kimmelman v. Morrison, 477 U.S. 365, 375 (1986) ("[w]here defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious."); United States v. Romero, 1993 U.S. Dist. LEXIS 16528, at *33-35 (S.D.N.Y. 1993) (claim that trial counsel was ineffective for not moving to suppress evidence was baseless since defendant failed to show that a suppression

11

motion had merit), aff'd 54 F.3d 56 (2d Cir. 1995). As no meritorious issue existed concerning the confidential informant's identity or reliability, trial counsel's failure to request a Darden hearing was not objectively unreasonable. Accordingly, the Appellate Division's decision rejecting the Petitioner's claim of ineffective assistance of trial counsel was not contrary to, or an unreasonable application of, Strickland.

In his supplemental habeas petition, the Petitioner contends that he received ineffective assistance of appellate counsel because his appellate counsel did not raise a claim of ineffective assistance of trial counsel based on trial counsel's failure to request a Darden hearing.[3] As already discussed, counsel is not ineffective for failing to file a baseless motion. The Petitioner has provided no basis to conclude that there was any merit – either before trial or with the benefit of hindsight – concerning the confidential informant's identity or reliability. Indeed, the Darden issue was rejected by the Appellate Division when raised in the Petitioner's *pro se* supplemental brief on appeal. As it was not objectively unreasonable for Petitioner's appellate counsel to decline to file a meritless motion, the Petitioner's claim that he received ineffective assistance of appellate counsel is unavailing.

## IV. CONCLUSION

Anderson's petition for a writ of habeas corpus is DENIED. As the Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. See 28 U.S.C. § 2253(c)(2); Lucidore v. N.Y.S. Div. of Parole, 209 F.3d 107, 111-13 (2d Cir. 2000). Pursuant to 28 U.S.C. § 1915(a)(3), the court also certifies that any

---

[3] On appeal, the petitioner raised trial counsel's ineffective assistance before the Appellate Division in a *pro se* supplemental brief.

appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444 (1962).

The Clerk of Court is directed to enter judgment for the respondent and to close this case.

SO ORDERED.

Dated: July 20, 2005  
Brooklyn, New York

/s/ Nicholas G. Garaufis  
NICHOLAS G. GARAUFIS  
United States District Judge